```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT

--------------------------------
CHRISTOPHER GASKIN,             :
        Plaintiff,              :
                                :            PRISONER
     v.                         :   CASE NO. 3:11-cv-834 (AWT)
                                :
ALBRESKI and                    :
STEVE SWAN,                     :
        Defendants.             :
--------------------------------
```

**RULING AND ORDER**

The plaintiff is currently incarcerated at Garner Correctional Institution in Newtown, Connecticut ("Garner") and has filed a civil rights complaint *pro se* under 28 U.S.C. § 1915. The plaintiff names as defendants Podiatrist Albreski and Health Services Administrator Steve Swan as defendants, who are both employed at Corrigan Correctional Institution ("Corrigan"). The plaintiff has filed a motion for summary judgment.

**I.  Civil Rights Complaint**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2).  Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or  'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

    **A.   Facts**

The plaintiff alleges that in 2000, he jumped from a third story window and landed on his feet.  After his arrest, Hartford Police Officers took him to the hospital where x-rays of his feet revealed bone spurs and old fractures from gunshot wounds.  The


plaintiff arrived at Northern Correctional Institution in a wheelchair and remained incarcerated at Northern until September or October 2008, when prison officials transferred him to Garner. At Garner, medical officials diagnosed him as suffering from severe foot fungus, acute arthritis, bone spurs and old fractures in both feet and a gunshot wound in one foot.  In November 2008, Garner prison officials transferred him to Corrigan.

At Corrigan, the conditions affecting the plaintiff's feet became worse.  Medical officials diagnosed the plaintiff as suffering from hypertension and diabetes.  The plaintiff takes medication for both conditions.

At one time, a medical supervisor issued a bottom bunk pass to the plaintiff for one year, but the pass expired prior to the filing of this action.  The plaintiff has experienced severe pain, cramping, numbness and tingling in his feet as well as infected toenails on both feet.  A visiting podiatrist prescribed an anti-fungal cream for the plaintiff's toenails, but the plaintiff never received the cream.

The plaintiff alleges that he is an African American.  He claims that defendant Albreski issued a medical pass for sneakers to another inmate who was a "Caucasian-American," but did not issue him a medical pass for the same type of sneakers.  (*See* Compl. at 2.)

The plaintiff also asserts that on two occasions, defendant

Albreski recommended that he be given cortisone injections to relieve foot pain, but another physician at Corrigan, Dr. Chouhan, would not permit him to receive the injections because they might cause him to go into a diabetic coma.  Neither Dr. Chouhan nor defendant Albreski offered an alternative treatment for the plaintiff's foot pain.

### B.     Discussion

The plaintiff asserts claims pursuant to 42 U.S.C. §§ 1981 and 1983 and sues the defendants in their official and individual capacities.  He seeks declaratory and injunctive relief and monetary damages.

### 1.     Section 1981

Section 1981 provides in pertinent part:

> All persons within the jurisdiction of the
> United States shall have the same right in
> every State and Territory to make and enforce
> contracts, to sue, be parties, give evidence,
> and to the full and equal benefits of all
> laws and proceedings for the security of
> persons and property as is enjoyed by white
> citizens, and shall be subject to like
> punishment, pains, penalties, taxes,
> licenses, and exactions of every kind, and to
> no other.

42 U.S.C. § 1981(a).  To state a claim under section 1981, the plaintiff must allege that he is a member of a racial minority and was subjected to racial discrimination concerning at least one of the activities enumerated in the statute, i.e., he was prevented from making and enforcing contracts, suing and being

sued or giving evidence.  *See Mian v. Donaldson, Lufkin & Jenrette  Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993).  The plaintiff fails to allege interference with any of the enumerated activities.  Thus, his section 1981 claim fails as a matter of law, and it is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

   **2.   Section 1983**

  The plaintiff alleges that during his confinement at Corrigan, he submitted a Grievance and request for a Health Services Review regarding his various medical conditions affecting his feet.  He alleges that Health Administrator Steve Swan did not properly process the Grievance or Health Services Review in accordance with Department of Correction Administrative Directives.

  State-created inmate administrative remedy procedures do not create a protected liberty interest.  Thus, Fourteenth Amendment due process protections are not implicated regardless of the actions taken by the defendants in connection with plaintiff's administrative filings.  *See Rhodes v. Hoy*, No. 9:05-CV-836, 2007 WL 1343649, at *2 (N.D.N.Y. May 5, 2007).  Courts of appeal have held that inmates do not have a constitutionally protected liberty interest in having prison officials comply with institutional grievance procedures.  *See, e.g., Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008); *Thomas v. Warner*,

237 Fed. Appx. 435, 437-38 (11th Cir. 2007); *Rhoades v. Adams*, 194 Fed. Appx. 93, 95 (3d Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam).  Thus, to the extent that the complaint may be construed to assert a due process claim regarding any institutional grievances, the complaint fails to state a cognizable claim.

Even if allegations of improper processing of grievances stated a claim for relief, the plaintiff has not alleged that defendant Swan failed to properly respond to or handle the grievances and health services requests filed by him.  Attached to the complaint is one request for a Health Services Review filed by the plaintiff on October 9, 2009 and one Grievance form filed by the plaintiff on September 29, 2010.[1]  On October 19, 2009, in response to the request for a Health Services Review, an unidentified individual indicated that he or she had advised the plaintiff that his foot issues had been referred to a podiatrist who would review the issues during the plaintiff's visit to the podiatry clinic in November.  The court cannot discern how the handling of the plaintiff's request did not meet the Department

---

[1] There are several other attachments to the complaint. Those documents were either submitted when the plaintiff was incarcerated at Garner or were directed to medical professionals other than defendant Swan.

of Correction's Administrative Directives.  *See* State of Connecticut Department of Correction Administrative Directive 8.9, Health Services Review ("Upon receipt of the . . . Inmate Administrative Remedy Form, the [Health Services Coordinator] (HSR) shall contact the inmate within 10 days in writing or in person, to determine if informal resolution can be reached.  If informal resolution cannot be obtained, the HSR coordinator shall schedule a Health Services Review Appointment with a physician, as soon as possible . . . to determine what action, if any, should be taken.").

On October 23, 2010, in response to the plaintiff's September 29, 2010 Grievance, a Licensed Practical Nurse ("LPN") at Corrigan denied the grievance and indicated that the plaintiff was a "No Show."  State of Connecticut Administrative Directives 9.6, Inmate Administrative Remedies, provides that Correctional staff have thirty days to respond to a Level 1 grievance.  If the Level 1 grievance is denied or if correctional officials fail to respond in a timely manner, the inmate must appeal the denial to Level 2.  A response to the Level 2 grievance will be issued within thirty days.  *See* Administrative Directive 9.6(6)(A)-(K) (www.ct.gov/doc/LIB/doc/PDF/AD/ad0906.pdf (last visited Sept. 27, 2011).  In this instance, the nurse responded within thirty days to the plaintiff's grievance.  The court can not discern how the nurse's response violated the Administrative Directives.

7

Furthermore, the plaintiff was not precluded from appealing the denial of the grievance. The court concludes that the plaintiff has not alleged sufficient facts to state a plausible claim of a violation of his due process rights against Health Services Administrator Swan. Accordingly, the claims against defendant Swan are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff claims that on the same date that defendant Albreski refused to issue him a medical pass for sneakers that would properly fit his feet, defendant Albreski issued a medical pass for sneakers to a "Caucasian-American" inmate. (See Compl. at 2.) The plaintiff also asserts that defendant Albreski recommended that he be given cortisone injections in his feet to relieve pain, but another physician at Corrigan, Dr. Chouhan, refused to permit him to undergo the injections because the injections could adversely affect his diabetes. Neither Dr. Chouhan nor defendant Albreski offered an alternative to the plaintiff to treat his foot pain. The court concludes that the plaintiff has stated plausible equal protection and deliberate indifference to medical needs claims against defendant Albreski. Thus, the section 1983 claims against defendant Albreski shall proceed.

## II.  Motion for Summary Judgment

The plaintiff moves for summary judgment, claiming that there are no issues of material fact in dispute and he is

entitled to judgment as a matter of law.  In support of his motion for summary judgment, the plaintiff has filed a statement of material facts not in dispute, an affidavit and a memorandum.

Rule 56(a)1 of the Local Civil Rules of the United States District Court for the District of Connecticut requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement

> be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.  The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 . . . Statement[] in conformity with Fed. R. Civ. P. 56(e).

D. Conn. L. Civ. R 56(a)3.  This specific citation requirement applies to *pro se* litigants as well as to attorneys.  (*See id.*) Local Rule 56(a)4 also requires that the movant file a memorandum in support of his motion.

The plaintiff's Local Rule 56(a)1 Statement consists of thirteen paragraphs.  (*See* Doc. No. 6-2.) The plaintiff also

9

filed Exhibits A-D, consisting of four pages from his prison medical file, in support of his Local Rule 56(a)1 Statement. (*See* Doc. No. 7.)  Paragraphs three, seven and twelve are not followed by any citations to affidavits or admissible evidence. Paragraphs one, two, four and nine include citations to Exhibits A-D, but those same paragraphs and paragraphs five, six, eight, ten and eleven include citations to unidentified hospital records, unidentified medical records, a medical pass, medical grievances and plaintiff's "actual feet."  The plaintiff has not submitted copies of these items of documentary evidence with his Local Rule 56(a)1 Statement as required by D. Conn. L. Civ. R 56(a)4.  In addition, the "'specific citation' obligation of" Local Rule 56(a)3 requires both attorneys and pro se litigants to "cite to specific pages when citing to deposition or other transcripts or to documents longer than a single page in length." D. Conn. L. Civ. R 56(a)3.

Because the plaintiff's Local Rule 56(a)1 Statement does not comply with sections three and four of Local Rule 56(a), the motion for summary judgment is denied without prejudice.  The plaintiff may file a new motion for summary judgment at a later stage of the litigation.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) All claims brought pursuant to 42 U.S.C. § 1981 against both defendants and all claims brought pursuant to 42 U.S.C. § 1983 against defendant Swan are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The section 1983 equal protection and deliberate indifference to medical needs claims against defendant Albreski shall proceed.

(2) The plaintiff's Motion for Summary Judgment [**Doc. No. 6**] is **DENIED** without prejudice to re-filing at a later stage of the litigation. The Motion for Service [**Doc. No. 8**] is **DENIED** as moot.

(3) If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

(4) Within **fourteen (14) days** of this order, **the U.S. Marshals Service shall** serve the summons, a copy of the Complaint [doc. #1] and this Order on defendant Albreski in his official capacity by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(5) Within **fourteen (14) days of this Order, the Pro Se Prisoner Litigation Office shall** ascertain from the Department of Correction Office of Legal Affairs the current work address for defendant Albreski and mail waiver of service of process request

11

packets to him in his individual capacity at his current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of the waiver request.  If defendant Albreski fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(6)  **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(7)  **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(8)  **Defendant Albreski shall** file his response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this Order.  If the defendant chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above.  He may also include any and all additional defenses permitted by the Federal Rules.

(9)  Discovery, pursuant to Federal Rules of Civil Procedure

12

26 through 37, shall be completed within **seven months (210 days)** from the date of this Order.  Discovery requests need not be filed with the court.

   (10) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

   (11) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

   **SO ORDERED** this <u>8th</u> day of March, 2012, at Hartford, Connecticut.

<div style="text-align:right">

/s/AWT
Alvin W. Thompson
United States District Judge

</div>